**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 30 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GABRIEL GONZALEZ MARTINEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 21-265

Agency No.
A208-825-650

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 16, 2023[**]

Before:    BENNETT, MILLER, and VANDYKE, Circuit Judges.

Gabriel Gonzalez Martinez, a native and citizen of Mexico, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's decision denying his applications for

asylum, withholding of removal, and protection under the Convention Against

Torture ("CAT"), and denying his motion to reopen removal proceedings.  We

---

[*]    This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We review for abuse of discretion the denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

We do not disturb the agency's determination that Gonzalez Martinez failed to establish he suffered harm that rises to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (persecution is "an extreme concept that does not include every sort of treatment our society regards as offensive" (internal quotation marks and citation omitted)); *see also Flores Molina v. Garland*, 37 F.4th 626, 633 n.2 (9th Cir. 2022) (court need not resolve whether de novo or substantial evidence review applies, where result would be the same under either standard). Substantial evidence supports the agency's conclusion that Gonzalez Martinez failed to establish a reasonable possibility of future persecution. *See Nagoulko*, 333 F.3d at 1018 (possibility of future persecution "too speculative"). Thus, Gonzalez Martinez's asylum claim fails. Because Gonzalez Martinez failed to establish eligibility for asylum, he failed to satisfy the standard for withholding of removal. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1183 (9th Cir. 2021).

In light of this disposition, we need not reach Gonzalez Martinez's remaining contentions regarding nexus and the cognizability of his proposed particular social groups. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir.

2

2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Because Gonzalez Martinez does not challenge the agency's humanitarian asylum or CAT determinations, we do not address them. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

The BIA did not abuse its discretion in finding Gonzalez Martinez failed to establish changed country conditions in Mexico. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *Najmabadi*, 597 F.3d at 987-90 (evidence must be "qualitatively different" to warrant reopening).

We reject Gonzalez Martinez's contention that the BIA's citation to *Matter of A-B-*, 27 I. & N. Dec. 316 (A.G. 2018), which was later vacated by *Matter of A-B-*, 28 I. & N. Dec. 307 (A.G. 2021), necessitates remand, because the agency's persecution findings are supported.

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**